IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAWN HERNDON, § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | Civil Action No. 4:20-CV-1129-P |
| § | |
| BUREAU OF PRISONS, et al., § | |
| § | |
| Defendants. § | |

**OPINION and ORDER OF PARTIAL DISMISSAL
UNDER 28 U.S.C. § 1915(e)(2)(B)**

The case is before the Court for review of pro-se plaintiff Dawn Herndon's ("Herndon") complaint under the screening provision of 28 U.S.C. § 1915(e)(2)(B).[1] After conducting that review, the Court finds that the bulk of the claims asserted by plaintiff Herndon must be dismissed under authority of this provision, but that she will be permitted to filed an amended complaint as to limited remaining claims.

**BACKGROUND**

Herndon initiated this case with the filing of a typed civil-rights complaint naming thirty-nine different defendants. Compl. 1, ECF No. 1. She recites a number of factual allegations beginning at the time of her assignment to the Bureau of Prisons in April 2015 for service of her criminal sentence. *Id*. at 8. Herndon acknowledges that when she entered

---

[1] Although Herndon's detailed complaint focuses extensively on claims arising from allegations about her care while imprisoned in Bureau of Prisons' ("BOP") facilities, at the time she filed the complaint, she was no longer incarcerated and listed a street address in Florida as her address of record.

prison, she had a pre-incarceration history of colon cancer and a resulting colostomy. *Id*. The bulk of the initial chronology of alleged inadequate medical care and treatment relates to the treatment of her stoma that resulted from the colostomy procedure. *Id.* at 8-12. Herndon contends that though she was a candidate for a colostomy reversal procedure, she was not seen by a colorectal specialist for over eighth to nine months. *Id.* at 12-13. She asserts that prior to that visit, she suffered abdominal pain and that her stoma was routinely improperly cleaned , or cleaned with the wrong kinds of wipes, causing her burning and irritation to the stoma and surrounding skin. *Id.* She also alleges she suffered abdominal pain for the bulk of her time in the BOP. *Id*. at 14. Herndon alleges that though she was given a colostomy reversal procedure, she had complications following that, including vision problems, bladder and fecal incontinence, bowel problems, and ongoing claims that she was, at times, not given "Medical Duty" status so that she could have access to a room with a bathroom. *Id.* at 15-18. Herndon's chronology includes the time period from April 2015 until her "release to home confinement in February, 2019." *Id*. at 18.

Herndon has named as defendants the Bureau of Prisons ("BOP"), the United States Public Health Services ("USPHS"), and UNT Health Patient Services. *Id*. 3, 7, 8. She also named as defendants Charles E. Samuels, Thomas R. Kane, Mark S. Inch, and Hugh J. Hurwitz, as either "Director" or "Acting Director" of the BOP, in their official capacities only. *Id.* at 3. Otherwise, Herndon named thirty-two additional individually named persons, each of whom is named in both an official and an individual capacity. *Id*. at 4-7.

Herndon asserts claims against all defendants for violation of her constitutional rights

(Fourth, Eighth, and Fourteenth Amendments) under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). She also asserts claims under the American with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 ("RA"), and state law negligence claims. *Id*. at 2, 18-31. She seeks declaratory relief, and "compensatory and punitive damages in an amount sufficient to provide compensation and deterrence as determined reasonable by the Court."*Id*. at 31.

## LEGAL STANDARD OF REVIEW UNDER § 1915(e)(2)(B)

Plaintiff Herndon sought and was granted the right to proceed in forma pauperis. Mot. IFP, ECF No. 6; Order Authorizing IFP Status, ECF No. 7. Because Herndon is proceeding in-forma-pauperis, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2). That provision provides for *sua sponte* dismissal of the complaint or any portion thereof, if it is frivolous, malicious, fails to state claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.A. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim lack an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id*. at 327-28. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above

the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim upon which relief may be granted. *Id.*

## ANALYSIS

**A.**     ***Bivens* Claims against the Bureau of Prisons and Official Capacity Claims**

As noted, in each of Plaintiff's listing of thirty-six individual defendant's named as parties, she writes that four of those persons are "sued in his official capacity," and that the remaining thirty-two are "sued in his [or her] official capacity and his [or her] individual capacity." *Id.* at 3-8. The Supreme Court, in *Bivens*, recognized an individual's right to seek recovery for violation of constitutional rights by a person acting under color of federal law. 403 U.S. 388, 297 (1971). Although a Plaintiff may pursue a *Bivens* claim against individual federal officers for a constitutional violation in certain limited contexts, she may "not bring a [*Bivens* action] against the United States, the Bureau of Prisons [BOP], or BOP officers in their official capacities as such claims are barred by sovereign immunity." *Gibson v. Federal Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001) and *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (claims against employees in official capacities are considered a suit against the government entity); *see also Federal Deposit Insurance Corp. v. Meyer,* 510 U.S. 471, 484-86 (1994) (*Bivens* claim not authorized against a federal agency). As a result, plaintiff Herndon may not seek relief for alleged violations of her constitutional rights against the Bureau of Prisons or against the individual defendants in an official capacity, and thus such claims must be dismissed.

4

B.   **Claims Against United States Public Health Service and UNT Health Patient Services**

Herndon has named the United States Public Health Services (USPHS") as a defendant on the basis that it was "during all times relevant, an agent of the Defendant BOP who employed workers who worked at FMC Carswell." Compl. 8, ECF No. 1. To the extent she alleges that USPHS was an agent of the BOP, her claims against USPHS must be dismissed for the reasons stated above. Furthermore, to the extent that Herndon generally alleges that medical provider employees of the USPHS worked at FMC-Carswell, any such employees are entitled to immunity from suit.  Title 42 U.S.C. § 233(a) "makes the FTCA remedy against the United States 'exclusive of any other civil action or proceeding' for any personal injury caused by a [US]PHS officer or employee performing a medical or related function 'while acting within the scope of his office or employment.' " *Hui v. Castaneda*, 559 U.S. 799, 802 (2010) (quoting 42 U.S.C. § 233(a)). In *Hui*, the Supreme Court held that "[b]ased on the plain language of § 233(a), we conclude that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct." *Id*. For these reasons, Herndon's claims against the USPHS and any personnel must be dismissed.

Herndon has also named as a defendant "UNT Health Patient Services as "an agent of Defendant BOP who was in charge of scheduling procedures and outside doctor appointments for inmates." Compl. 7, ECF No. 1.  To the extent she alleges that UNT Health Patient Services was an agent of the BOP, her claims against the UNT Health Patient Services must be dismissed for the reasons stated above.  Furthermore, an individual may not bring

5

a *Bivens* claim against a federal contractor or an employee of a federal contractor. *See Holz v. Terre Haute Reg'l Hosp.*, 123 F. App'x. 712, 713 (7th Cir. 2005) ("A Bivens claim cannot be brought against a private entity (or individual), even if it is a federal contractor") (citing *Malesko*, 534 U.S. at 63); *Yorzinski v. Imbert*, 39 F. Supp.3d 218, 222 (D. Conn. 2014) ("The [Supreme] Court [in *Minneci v. Pollard*, 565 U.S. 118 (2012) ] rejected the argument that private actors performing governmental functions should be considered federal agents for the purposes of *Bivens* liability.").

For these reasons, Herndon's claims against UNT Health Patient Services must be dismissed.

**C.    Claims Barred by Statute of Limitations**

The bulk of Herndon's factual allegations relate to events that took place in 2015 through mid-2017, with some additional allegations occurring on dates up until February 2019. Compl. 3, ECF No. 1. The United States Court of Appeals for the Fifth Circuit held that a *Bivens* action is controlled by the applicable state statute of limitations. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999) (citing *Alford v. United States*, 693 F.2d 498, 499 (5th Cir. 1982)). In Texas, the applicable limitations period is two years. *See Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* Tex. Civ. Prac. & Rem. Code 16.003(a) (Texas's two-year personal injury limitations statute). Thus, the applicable limitations period on a *Bivens* claim filed in Texas is two years. *Brown*, 188 F.3d at 590 (citing *Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998)). This limitations period, of

6

course, also applies to any state law negligence claims.

A district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations. *Moore*, 30 F.3d at 620 (citing *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir.1993)); *see also Fleming v. United States*, 538 F. App'x 423, 425 (5th Cir. 2013) (affirming sua sponte dismissal of *Bivens* claims under § 1915A(b)(1) as limitations barred). Federal courts look to federal law to determine when a civil-rights action accrues, and under federal law a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis for his action. *See Harris v. Hegmann*, 198 F.3d. 153, 157 (5th Cir. 1999) (citing *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992)). The Court sees no reason that plaintiff Herndon did not know of each complained of injury at the time it occurred.

Plaintiff Herndon's complaint was received and filed on October 9, 2020. As Herndon was not then an inmate, there is no need to consider the application of the mailbox rule. *See generally Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)) (under the prison mailbox rule, a prisoner's pleading is deemed to have been filed on the date that the pro se prisoner submits the pleading to prison authorities for mailing). The bulk of Herndon's extensive factual allegations arise from the initial placement of her at the Federal Detention Center in Miami, Florida from April, 2015 through August 2015; then at a transfer facility in Oklahoma from August, 2015 through September 1, 2015; and finally at FMC-Carswell from September 1, 2015 until her release to home confinement

7

in February 2019. The vast majority of Herndon's factual events took place far beyond two years before she filed this suit. Compl. 8-18, ECF No. 1. Thus, all of Plaintiff's claims arising from events that took place two years or more prior to the date of filing suit (in other words before October 9, 2018) are barred by the applicable statute of limitations. Thus, the bulk of Herndon's claims arising from factual events prior to October 9, 2018, must be dismissed.[2]

**D.       No Claim under the American Disabilities Act ("ADA")**

The ADA "forbids discrimination against persons with disabilities in three major areas of public life:" (1) employment (Title I); (2) public services, programs, and activities (Title II); and (3) public accommodations (Title III). *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004). Herndon asserts two separate counts of alleged violations of Title II of the ADA. Compl. 21-27, ECF No. 1. As noted, that section prohibits discrimination against the disabled by a public entity. 42 U.S.C. §§ 12131-12165. The definition of "public entity" in the ADA, however, does not include the federal government. 42 U.S.C. § 12131(1)(A)-(B) (defining public entity as only a State or local government or department of agency of a State or local government). Title II of the ADA has therefore been found to not cover the BOP. *Chamberlain v. Chandler*, 344 F. App'x. 911, 913 (5th Cir. 2009) (affirming dismissal of ADA claims against Bureau of Prisons on the basis that ADA is not applicable to the federal government); *Marlin v. Alexandre,* 254 F. App'x. 374, 375 (5th Cir. 2007) (same); *see also*

---

[2] Although Herndon's specific factual allegations for this later time period are sparse, the Court will allow and direct Herndon to file an amended complaint to restate any facts and claims against any defendants arising from the time after October 9, 2018 and prior to the ending date already recited of February 2019. *See* infra.

*Phillips v. Tiona*, 508 F. App'x 737, 752 (10th Cir. 2013) ("Title II of the ADA does not apply to federal prisoners in federal prisons . . . .").

Furthermore, the Fifth Circuit recognized that the ADA does not permit public employees to be sued in their individual capacities. *See Nottingham v. Richardson,* 499 F. App'x 368, 376 n.6 (5th Cir. 2021) ("We held in *Lollar* that only the public 'entity' was amenable to suit under the RA . . . .") (citing *Lollar v. Baker*, 196 F. 3d 603 (5th Cir. 1999)); *Golden v. Longview, Public Works*, Div., No.6:20-CV-620-JDK-JDL, 2021 WL 2827486, * 2 (E. D. Tex. May 26, 2021) ("under the ADA [individual named defendants] cannot be sued in their individual capacities as individual liability does not exist under the ADA"); *see also Marlin v. Davee,* No.1:07-CV-131, 2009 WL 2970513, at *5 (E.D. Tex. 2009)("[T]he Fifth Circuit has determined that plaintiff may not sue either individual defendants or the Bureau or Prisons under the ADA in a recent decision in another case involving this plaintiff") (citing *Marlin v. Alexandre,* 254 Fed. Appx. 374, 375 (5th Cir. 2007).

Therefore, Plaintiff Herndon cannot maintain an ADA lawsuit against the BOP or its employees and contractors in their individual capacities. As no defendant is amenable to suit under the ADA, all Herndon's ADA claims must be dismissed.

**E.     No Claim under the Rehabilitation Act of 1973 ("RA")**

Herndon's claims for relief under the Rehabilitation Act ("RA") also fail. Herndon relies upon Section 504(a) of the Rehabilitation Act, 29 U.S.C. § 794(a), which provides that no qualified individual with a disability shall be excluded from participation in, denied benefits of, or be subjected to discrimination under any program or activity receiving Federal

9

financial assistance, or activity conducted by any Executive agency. 29 U.S.C. § 794(a). Although the remedy provision of the RA provides for monetary damages for "any act or failure to act by any recipient of federal assistance or Federal provider," 29 U.S.C. § 794a(a)(2), in interpreting this language, the Supreme Court determined that Congress only intended to waive sovereign immunity against monetary damages for the "narrow category of § 504(a) violations committed by federal funding agencies acting as such-that is, by Federal provider[s]." *Lane v. Pena,* 518 U.S. 187, 192-93 (1996). In other words, because the remedy provision did not make reference to any "programs or activities," the Supreme Court declined to read the phrase "Federal provider" to include a waiver of damages for anything more than funding activities. *Id.* at 193.

Herndon named the defendants in both and individual and official capacity. As noted above, an action against a federal government official in an official capacity is an action against the United States and its agencies, such as the BOP. Thus, any claims for monetary damages under the RA for alleged discrimination under any program or activity against the Bureau of Prisons are shielded by sovereign immunity. *See e.g., Roark v. Flanery*, No. 5:12-CV-60, 2014 WL 4447451, at *27 (E.D. Tex. Sept. 9, 2014) ("the Bureau of Prisons does not fit within the definition of programs or activities governed by § 794(a)[Section 504 of the Rehabilitation Act]"); *Collins v. Pigos,* No.1:CV-12-00232, 2013 WL 943119, at *3 (M.D. Pa. March 11, 2013) ("the United States' sovereign immunity has not been waived by the Rehabilitation Act except in situations not applicable here [federal inmate's suit]")(citing *Lane,* 518 U.S. at 191-92).

Furthermore, the Fifth Circuit has held that an individual may not be sued in his or her individual capacity under the Rehabilitation Act. *See Comeaux v. Thaler*, Civ. No. H-01-1411, 2008 WL 818341, at *18 (S.D. Tex. 2008) (noting "the Fifth Circuit . . . has recognized that a plaintiff cannot sue an individual under the Rehabilitation Act, 29 U.S.C. § 794(a)") (citing *Lollar*, 196 F.3d at 609). Therefore, all claims against the defendants under the Rehabilitation Act must be dismissed.

## CONCLUSION and ORDER

It is therefore **ORDERED** that the following claims are **DISMISSED WITH PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii): (1) all plaintiff Dawn Herndon's claims under *Bivens* against the Bureau of Prisons, the United States Public Health Service, and the UNT Health Patient Services, and all claims against the individually named defendants in an official capacity; (2) all Herndon's claims under *Bivens* and claims for state law negligence that occurred before October 9, 2018; (3) all Herndon's claims for relief under the Americans with Disabilities Act; and (4) all Herndon's claims for relief under the Rehabilitation Act of 1973.

It is further **ORDERED** that to the extent Herndon wishes to assert any remaining *Bivens* or state law negligence claims against any defendant arising from events that took place after October 9, 2018 and prior to February 28, 2019, she must file an amended complaint setting forth such facts and claims by no later than **August 16, 2021**. **Failure to timely file an amended complaint limited to the terms of this Order will result in the dismissal of any remaining**

**claims without prejudice for lack of prosecution without further notice.**[3]

  **SO ORDERED** this **19th day** of **July, 2021**.

         */s/ Mark T. Pittman*
         Mark T. Pittman
         UNITED STATES DISTRICT JUDGE

---

[3] *See* Fed R. Civ. P. 41(b); *see Hickerson v. Christian*, 283 F. App'x. 251, 253 (5th Cir. 2008) ("A district court may sua sponte dismiss an action for failure to prosecute under Rule 41(b)"); *see also Link v. Wabash R. Co.,* 370 U.S. 626, 633 (1962) ("[A] District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting").